UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY D. SMITH, individually and
on behalf of all others similarly situated,

       Plaintiff,

v.

LAWYERS TITLE INSURANCE
CORPORATION,

       Defendants.
_____/

Case No. 07-12124

District Judge Paul V. Gadola
Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

Before the Court is *Defendant's Motion to Dismiss the Complaint* [Docket #12] filed August 9, 2007, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that Defendant's Motion be GRANTED in its entirety, dismissing the case.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, a Kentwood, Michigan homeowner, filed suit on May 16, 2007, alleging that Defendant overcharged him for title insurance. According to Plaintiff, as part of the May 5, 2006 refinancing of his Kentwood, Michigan residence, Defendant charged him a premium of $648.50 for coverage of $140,800.00. *Complaint* at ¶37. Plaintiff contends that because he was refinancing his home, he was entitled to the discounted rate of $324.25, alleging

further that Defendant failed to inform him that he qualified for the discounted rate. *Id*. at ¶¶38-40. Plaintiff alleges violations of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), "brought by Plaintiff individually and on behalf of all members of the Class," and the Michigan Consumer Protection Act ("MCPA"). Plaintiff also seeks class certification as well as declaratory judgments stating that he qualified for lower insurance rates, and that Defendant "was obligated but failed to inform" him that he was eligible for a lower rate. *Id*. at ¶¶71-72. Plaintiff also requests a permanent injunction requiring Defendant to inform "all owners of residential real estate" of their eligibility for lower insurance rates as well as actual and treble damages and attorneys' fees and costs. *Id*. at ¶73, Prayer for Relief.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. V. Twombley*,—U.S.—, 127 S.Ct. 1955, 167 L.Ed.2d 929

(2007), the Supreme Court set forth what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. The Court held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is *plausible* on its face." *Bell Atlantic*, at 1974 (emphasis added).

## III. ANALYSIS

Defendant forwards multiple arguments for dismissal. First, Defendant contends that the RESPA claims must be dismissed based on Plaintiff failure to file suit within one year of the real estate closing. On a related note, Defendant submits that RESPA does not apply to title insurance premium overcharges. Second, Defendant argues that Plaintiff lacks standing to pursue claims on behalf of class members in other states, contending further that MCPA claims must be dismissed because "deceptive practices relating to insurance and insurance companies stand outside the scope of the Act."

Third, Defendant argues that Plaintiff's MCPA and unjust enrichment claims are undermined by the fact that the insurance rate schedule is publicly filed and further, that

federal law requires lenders to disclose title insurance rate availability to individuals applying for federally regulated mortgage loans. Finally, Defendant argues that because Plaintiff has failed to allege a threat of imminent harm or irreparable injury, his claims for declaratory and injunctive relief must be dismissed.

### A. The Statute of Limitations Bars RESPA Claims

In response to Defendant's argument that a one-year statute of limitations bars RESPA claims, Plaintiff contends that because he was not aware of the "illegal rate scheme . . . until shortly before filing" the May 16, 2007 complaint, the statute should be tolled. *Docket #18* at 11. Citing *Lawyers Title Ins. Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1166 (7th Cir. 1997), he argues that equitable tolling "is especially appropriate here, as the fraud could not have been reasonably discovered by Plaintiff unless and until he was informed by counsel that Defendant's rates exceeded those allowed by law." *Id.*

Under 12 U.S.C. § 2614, claims pursuant to §2607 may be brought within one year. Although RESPA does not mention the availability of equitable tolling, I agree with the reasoning of *Egerer v. Woodland Realty, Inc.* 2007 WL 3467263, *4 (W.D.Mich.2007) (Enslen, J.):

> "Although the Sixth Circuit has yet to decide this issue, the Court is convinced that equitable tolling is available to RESPA plaintiffs. In *Young v. United States,* a unanimous Supreme Court found that "[i]t is hornbook law that limitations periods are customarily subject to equitable tolling, unless tolling would be inconsistent with the text of the relevant statute. Congress must be presumed to draft limitations periods in light of this background principle." 535 U.S. 43, 49, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002)."

-4-

Having found that equitable tolling is available in RESPA claims, the Court must consider the following factors in determining whether the present claims should be tolled: 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Truitt v. County of Wayne,* 148 F.3d 644, 648 (6th Cir 1998 ); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988).

The *Truitt* court also noted that "[t]he propriety of equitable tolling must necessarily be determined on a case-by-case basis." *Id.*; *Jarrett v. US Sprint Communications Co.*, 22 F.3d 256, 260 (10th Cir. 1994). "One theme that runs throughout these cases is that equitable tolling is to be carefully applied." *Andrews*, 851 F.2d at 151. "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984).

Equitable tolling is inappropriate here. Most significantly, Plaintiff has failed to show that he was diligent in pursuing his rights under RESPA. Although he contends that he was not aware of the overcharge "until *shortly* before filing the complaint of May 16, 2007," (emphasis added) he does not go so far as to state that he was unaware of RESPA violation before the May 5, 2007 deadline. Defendant also notes that the fact that its rate schedule is publicly filed with the Michigan Office of Financial Services defeats the notion

that Plaintiff could not have discovered the fees by exercising due diligence. *Docket #12* at 6; *Mills v. Equicredit Corp.*, 294 F. Supp. 2d 903, 908-909. Likewise, that the rates could be easily accessed stands at odds with Plaintiff's argument that his ignorance of the alleged RESPA violation was reasonable.

Further, Plaintiff has made no showing that the lapsed filing deadline was the result of Defendant's malfeasance. "The Supreme Court has permitted equitable tolling in situations where the plaintiff was 'induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *Egerer,* at *5 (*citing Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)). Although Plaintiff alleges fraud by Defendant in various portions of the complaint (*See* ¶58) he does not claim that Defendant's actions contributed to his tardy filing. Accordingly, *Lawyers Title Ins. Corp. V. Dearborn Title Corp.*, 118 F.3d 1157, 1166 (7th Cir. 1997), cited by Plaintiff in favor of equitable tolling, is inapplicable here. In *Lawyers Title*, the Seventh Circuit, finding that the statute of limitations did not create a *jurisdictional* bar, recognized that tolling was appropriate in the instance of an ongoing concealment of kickbacks to a third party. *Id.* In contrast here, the fact that the rates were public knowledge, standing alone, defeats the argument that Plaintiff's rights were fraudulently concealed by Defendant. *Id*. at 1166.[1]

**B. MCPA Claims**

Defendant argues that Plaintiff's claim under §903(1) of the Michigan Consumer

---

[1] Having found that equitable tolling is not warranted, the Court need not consider the merits of Plaintiff's RESPA claims.

Protection Act for overcharging him for title insurance is barred by M.C.L. §445.904(1)(a). I agree.

M.C.L. § 445.904 (a) states that MCPA does not apply to "[a] transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States," indicating further that "[*t*]*his act does not apply to or create a cause of action for an unfair, unconscionable, or deceptive method, act, or practice that is made unlawful by chapter 20 of the insurance code . . .* MCL 500.2001 to 500.2093" (emphasis added). *Logan v. Blue Water Title Co.,* 1996 WL 33356941, *1 (Mich.App.1996) found that the allegedly deceptive practices of the defendant title insurance company were not cognizable under MCPA:

> "Defendants are unquestionably engaged in the business of insurance, and the acts plaintiffs complain of are alleged to be unfair and deceptive. Consequently, the MCPA is inapplicable because any unfair or deceptive practice defendants may have engaged in is subject to supervision and review by the insurance commissioner under § 2043 of the insurance code."

*See also McLiechey V. Bristol West Ins. Co.*, 408 F.Supp. 2d 516, 524 (W.D. Mich. 2006)("transactions . . specifically authorized under laws administered by the Office of Financial and Insurance Services . . . do not give rise to an action under the MCPA. . .") For identical reasons, Plaintiff's claims under MCPA §903(1)(c), that Defendant misrepresented its goods or services, is precluded by the insurance code.

Accordingly, because the Act's clear-cut exclusion of this insurance dispute mandates dismissal of claims under the state consumer protection act, Plaintiff's claims for class

certification under the MCPA and "substantially similar laws of other Class states" are moot. *Complaint* at ¶¶52-56. Likewise, because Plaintiff's requests for declaratory and injunctive request relief are made on behalf of a non-existent class, the claim for equitable relief is also moot. To the extent that Plaintiff would argue nonetheless that the Court retains diversity jurisdiction over the unjust enrichment claims, his failure to state a claim for class certification indicates that his unjust enrichment claims would be limited to his own damages. Because the Plaintiff alleges that his damages consist of $324.25 in overcharges for title insurance, he cannot conceivably meet the jurisdictional amount of $75,000.00 required by 28 U.S.C. §1332(a).

### C. Claim of Unjust Enrichment Construed as a State Law Claim

Further, if the unjust enrichment claims are alternatively construed as pendant state law claims, because Plaintiff's federal claims are subject to dismissal, the court should decline jurisdiction. "[D]istrict courts should generally decline to exercise supplemental jurisdiction over state law claims when all federal claims are dismissed prior to trial." *Grinage v. Hofbauer,* 2007 WL 1341776, *2 (W.D.Mich.2007); *Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir.1993).

### IV. CONCLUSION

For these reasons, I recommend that Defendant's Motion to Dismiss be GRANTED as to all claims, dismissing the case in its entirety.

Any objections to this Report and Recommendation must be filed within ten (10)

days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 29, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 29, 2008.

                                                S/G. Wilson
                                                Judicial Assistant