UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY D. SMITH, individually and on
behalf of all others similarly situated,

                         Plaintiff,      CIVIL CASE NO. 07-12124

v.

                                     HONORABLE STEPHEN J. MURPHY, III

LAWYERS TITLE INSURANCE
CORPORATION,

                         Defendant.
_____/

### ORDER OVERRULING THE PLAINTIFF'S OBJECTIONS AND ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On May 16, 2007, the plaintiff Gary Smith filed this case against the defendant Lawyers Title Insurance Corporation, alleging that the defendant had overcharged the plaintiff for title insurance. The plaintiff is bringing this case individually and on behalf of all other similarly situated plaintiffs in the states of Michigan, Arizona, Colorado, Maryland, Minnesota, Missouri, New Jersey, Tennessee, and Washington.

The defendant filed a motion to dismiss the complaint, which was referred to Magistrate Judge R. Steven Whalen for a Report and Recommendation. The magistrate judge issued his Report and Recommendation, recommending that the motion be granted and the case be dismissed in its entirety. After the magistrate judge served the Report and Recommendation on the parties and notified the parties that any objections must be filed within ten days of service, the plaintiff filed timely objections. For the reasons stated below, the Court overrules the plaintiff's objections and adopts the magistrate judge's Report and Recommendation in a manner not inconsistent with this Order.

The Court's standard of review for a magistrate judge's Report and

Recommendation depends upon whether a party files objections. If a party objects to portions of the Report and Recommendation, the Court reviews those portions de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1)(c). In this case, the plaintiff has filed objections to the magistrate judge's Report and Recommendation. Accordingly, the Court has conducted a de novo review of the record.

The plaintiff's complaint contains four counts: Count I, violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"); Count II, violation of the consumer protection statutes of seven different states; Count III, unjust enrichment under the common law of nine different states; and Count IV, declaratory judgment. The magistrate judge recommended that all of the plaintiff's claims be dismissed. In his objections, the plaintiff conceded that Count I, his RESPA claim was barred by the statute of limitations. Accordingly, the Court accepts that portion of the Report and Recommendation and dismisses Count I.

In the remaining portion of the Report and Recommendation, the magistrate judge determined that the plaintiff's claim under the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901 *et seq.* ("MCPA") was precluded by the insurance code and should be dismissed. The magistrate judge then concluded that the plaintiff's claims for class

2

certification on the consumer protection statute violations, and the corresponding claims for declaratory and injunctive relief, were moot. Finally, the magistrate judge found that there was no federal diversity or supplemental jurisdiction over the unjust enrichment claims.

The plaintiff objects to the Report and Recommendation by first arguing that his claim under the MCPA is viable. The plaintiff then argues that even if the Court dismisses the MCPA claim, the plaintiff still has a viable class action claim pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). After a review of the applicable portions of the record, including the plaintiff's objections and the defendant's response, the Court overrules the plaintiff's objections.

First, the Court concludes that the magistrate judge correctly determined that the plaintiff's MCPA claim was precluded by the insurance code. The MCPA does not apply to any "transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." Mich. Comp. Laws § 445.904(1)(a). Moreover, the MCPA "does not apply to or create a cause of action for an unfair, unconscionable, or deceptive method, act, or practice that is made unlawful by chapter 20 of the insurance code of 1956, 1956 PA 218, MCL 500.2001 to 500.2093." Mich. Comp. Laws § 445.904(3).

In this case, the plaintiff claims that the defendant, a title insurance company, deceptively issued insurance policies with unlawful premium amounts. As such, the plaintiff's claim falls squarely within the exemptions described by the MCPA in Michigan Compiled Laws § 445.904. *See Hoving v. Transnation Title Ins. Co.*, 545 F. Supp. 2d 662, 668-69 (E.D. Mich. 2008) (Lawson, J.); *Logan v. Blue Water Title Co.*, 1996 WL 33356941

3

(Mich. Ct. App. Oct. 1, 1996). Accordingly, the plaintiff has failed to state claim under the MCPA.

The Court also concludes that the plaintiff's class action claims should be dismissed because the plaintiff lacks standing. "[I]ndividual standing is a prerequisite for all actions, including class actions." *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1998). The defendant argues that the plaintiff's claims involve a Michigan resident refinancing his Michigan property with a Michigan insurance company governed by Michigan law, and therefore, the plaintiff has no standing to bring claims arising under the laws of the other states of Arizona, Colorado, Maryland, Minnesota, Missouri, New Jersey, Tennessee, and Washington. The plaintiff responds by arguing that the issue of standing should not be considered at this time, prior to a determination of the issue of class certification.

In the cases of *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) and *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999), the Supreme Court considered the question whether a determination of standing or a determination of class certification should come first. In those cases, the Supreme Court found that since the class certification issue was "logically antecedent" to the standing issue, it was appropriate to consider class certification first, instead of standing. *Amchem Prod.*, 521 U.S. at 612; *Ortiz*, 527 U.S. at 831.

Currently, there is a split among federal courts as to the application of the "logical antecedent" language and the question whether standing can be considered prior to class certification in class actions lawsuits such as the instant case before the Court. *See* Linda S. Mullenix, *Standing and Other Dispositive Motions after Amchem and Ortiz: The Problem of "Logically Antecedent" Inquiries*, 2004 Mich. St. L. Rev. 703, 729 (2004). The Court of

4

Appeals for the Sixth Circuit has not ruled on this particular question. One of our colleagues has considered this question in a very similar case and has concluded that the issue of class certification should be considered prior to the issue of standing. *See Hoving v. Transnation Title Ins. Co.*, 545 F. Supp. 2d 662 (E.D. Mich. Apr. 14, 2008) (Lawson, J.). However, after a review of the relevant case law, the Court is persuaded that the "logical antecedent" language should be construed in a manner that permits consideration of the standing issue now, prior to class certification. *See Easter v. Am. West Fin.*, 381 F.3d 948, 962 (9th Cir. 2004) (finding that the *Ortiz v. Fibreboard Corp.* case "does not require courts to consider class certification before standing").

In this case, besides the state of Michigan, the plaintiff has not alleged injury in any other state, nor are his particular claims based on the application of the laws of any other state. Consequently, the plaintiff lacks standing to bring state law claims arising under the laws of Arizona, Colorado, Maryland, Minnesota, Missouri, New Jersey, Tennessee, and Washington. *See In re Ditropan XL Antitrust Litig.*, 529 F. Supp. 2d 1098 (N.D. Cal. 2007); *Stone v. Crispers Rests., Inc.*, 2006 WL 2850103 (M.D. Fla. Oct. 3, 2006); *Temple v. Circuit City Stores, Inc.*, 2007 WL 2790154 (E.D.N.Y. Sept. 25, 2007); *Parks v. Dick's Sporting Goods, Inc.*, 2006 WL 1704477 (W.D.N.Y. June 15, 2006). The plaintiff's class action claims must therefore be dismissed for lack of standing.

Accordingly, for the reasons stated above,

**IT IS HEREBY ORDERED** that the plaintiff's objections [docket entry #25] to the Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry

#24] is **ACCEPTED and ADOPTED** as the opinion of this Court, in a manner not inconsistent with this Order.

**IT IS FURTHER ORDERED** that the defendant's motion to dismiss the complaint [docket entry #12] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**


s/Stephen J. Murphy, III
STEPEHN J. MURPHY, III
United States District Judge

Dated:  March 2, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 2, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager